**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Garza, | No. CV-14-01901-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is Respondents' Motion to Strike Juror Declarations (Doc. 59). Petitioner Ruben Garza filed a response in opposition, and Respondents filed a reply. (Docs. 62, 63.)

The juror declarations are among the exhibits attached to Garza's motion for evidentiary development. (Doc. 54-2, Ex's 17, 18.) Exhibit 17 is a declaration dated July 17, 2015, from Geno Chisolm, who was seated on the jury for Garza's 2004 capital murder trial. Exhibit 18 is a declaration dated October 22, 2015, from Dena Fisher, an alternate juror. Respondents ask the Court to strike the exhibits, along with portions of the evidentiary development motion that "rely on the inadmissible portions of the declarations." (Doc. 59 at 1.)

## DISCUSSION

In his declaration, Chisolm states that in 1990 he was prosecuted by the same prosecutor who tried Garza, a fact that neither Chisolm nor the prosecutor disclosed. (Doc. 54-2, Ex. 17, ¶¶ 5–13.) Respondents do not contest that these statements are

admissible. (Doc. 59 at 7.) They contend, however, that the other statements in the declarations are inadmissible and should be disregarded. The Court agrees.

For example, Chisolm states that he was not comfortable with his "votes to convict Garza," that Garza was not "deserving of a death sentence," and that he had questions about the involvement of Larry Franco, the husband of one of the victims, and why he wasn't charged. (*Id.*, ¶ 21.) Chisolm also has questions about Garza's "mental makeup," stating that if Garza suffered from autism or Fetal Alcohol Syndrome, the jury should have been told. (*Id.*, ¶¶ 22–23.) Chisholm also states that he did not understand the jury instructions, did not realize that the jury was not required to deliberate until it reached a unanimous verdict, and felt pressure from other jurors. (*Id.*, ¶¶ 15–19.)

Alternate juror Fisher states that after she was released from the jury she "did some research on the case and grew very uncomfortable." (Doc. 54-2, Ex. 18, ¶ 2.) She goes on to state that she believed that pretrial determinations by the court were "extremely relevant" to the case; there were important facts about the case that the jury was never told; she found it peculiar that Franco was never called as a witness; she thought Franco should have been on trial with Garza; there were "spirited" conversations about the evidence; she thought the lead detective was hotheaded; she thought Garza was immature; and she did not "buy the prosecution's theory" that Garza hugged his mother and sisters on the night of the murders because he might not get another chance. (Doc. 54-2, Ex. 18, ¶¶ 3–18.)

Juror testimony cannot be used to impeach a verdict unless "extrinsic influence or relationships have tainted the deliberations." *Tanner v. United States*, 483 U.S. 107, 120 (1987). Rule 606(b)(1) of the Federal Rules of Evidence prohibits juror testimony "about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1). The Rule states that "[t]he court may not receive a juror's affidavit or evidence of a juror's statement on these matters." *Id.* The only exceptions to the Rule concern questions of whether "extraneous prejudicial information was improperly brought to the jury's attention," "outside

influence was improperly brought to bear on any juror," or "a mistake was made in entering the verdict onto the verdict form." Fed. R. Evid. 606(b)(2).

In addition, contrary to Garza's argument, courts have rejected the proposition that juror affidavits may be considered under Rule 606(b) in support of ineffective assistance of counsel claims. *See Brown v. United States*, 720 F.3d 1316, 1337 (11th Cir. 2013) (juror's affidavit, swearing that additional mitigation evidence gathered during the postconviction process might have had an impact on the jury's penalty phase deliberations, was not competent evidence); *Hoffner v. Bradshaw*, 622 F.3d 487, 501 (6th Cir. 2010) (juror's affidavit stating that the defendant's lack of emotion was a factor in voting to recommend the death penalty was properly excluded from consideration); *Williams v. Collins*, 16 F.3d 626, 636 (5th Cir. 1994) (district court did not abuse its discretion in excluding testimony from jurors as to whether their deliberations would have been different if they had been presented with additional mitigating evidence); *Coleman v. Sisto*, No. 2:09-CV-0020-DAD, 2012 WL 6020095, at *23 n.13 (E.D. Cal. Dec. 3, 2012) ("Under [Rule 606(b)], these post-verdict juror affidavits cannot be considered as evidence in support of petitioner's ineffective assistance of counsel claim.").

The Court will apply these principles to the information contained in the juror declarations. To the extent the statements concern the jurors' deliberative process, the Court will disregard them when considering Garza's motion for evidentiary development. Fed. R. Evid. 606(b)(1). However, at this point it is not necessary to strike the exhibits, so Respondents' motion will be denied.

Accordingly,

**IT IS ORDERED** denying Respondent's Motion to Strike Juror Declarations (Doc. 59) as set forth above.

Dated this 2nd day of September, 2016.

_____
Susan R. Bolton
United States District Judge